UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JAMES HOLLOWAY            )
    Petitioner,         )
                              )
v.                                )    Civil No. 26-10831-LTS
                              )
DEVENS FEDERAL MEDICAL CENTER, )
                              )
    Respondent.         )
)

MEMORANDUM AND ORDER
February 18, 2026

SOROKIN, J.

For the reasons set forth below, the petition is denied and this action dismissed because petitioner fails to establish that he is entitled to mandamus relief.

**I.     Background**

On February 17, 2026, James Holloway, a federal prisoner now in custody at FMC Devens, filed a *pro se* petition for writ of mandamus pursuant to 28 U.S.C. § 1361 against "Devens Federal Medical Center" seeking to "[c]ompel officers of the United States to perform duties." Docket No. 1. As best can be gleaned from the petition, Holloway complains that correctional officers both interfered with Holloway's efforts to mail legal documents to the United States Court of Appeals for the Sixth Circuit and retaliated against Holloway through verbal threats. *Id.* Through this action, Holloway seeks to have federal officers "gather evidence from Federal Medical Center Devens on such electronic report system at such facility [including] reports sent to psychology of what is exculpatory evidence." *Id.* at 1. Among other things, Holloway states that "Unit Manager Mr. Patornic has decided to retaliate [by verbally threatening Holloway]. *Id.* Attached to the petition is a "witness statement." Docket No. 1-1.

## II. Standard of Review

Preliminary screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that (1) are legally frivolous or malicious; (2) fail to state a claim on which relief can be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When making that determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a litigant. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a pleading is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Holloway is proceeding *pro se*, the Court will construe his petition generously. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13

2

(1st Cir. 2004).  However, as set forth below, petitioner's allegations are insufficient to state a claim for mandamus relief.

### III.     Discussion

The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, provides that:

> [t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  The writ of mandamus "is one of the most potent weapons in the judicial arsenal," but is granted only in "extraordinary situations." *Ramírez-De Arellano v. United States*, 442 F.Supp.3d 499, 502 (D. Puerto Rico 2020) (citing and quoting *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 206 n.11 (2011); *See In re Bushkin Associates, Inc.*, 864 F.2d 241, 245 (1st Cir. 1989)).

The party seeking a writ of mandamus must establish "that there is a clear entitlement to the relief requested, and that irreparable harm will likely occur if the writ is withheld."  *In re Cargill, Inc.*, 66 F.3d 1256 at 1260 (1st Cir. 1995).  Both the Supreme Court and the First Circuit Court of Appeals have held unequivocally that a mandamus action may not circumvent or serve as a substitute for an appeals process.  *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 381 (2004) ("[T]he writ will not be used as a substitute for the regular appeals process[.]") (citing *Ex parte Fahey*, 332 U.S. 258, 260 (1947)); *In re JP Morgan Chase Bank*, 799 F.3d 36, 38 (1st Cir. 2015).

Here, the petition does not name an officer or employee as respondent.  Rather, the medical center is identified as the respondent.  In addition, Holloway has not demonstrated a clear entitlement to relief.  The Bureau of Prisons has an established "Administrative Remedy Program" through which inmates "may seek formal review of an issue which relates to any aspect of their

confinement" except issues specifically exempted elsewhere, which are not relevant here. *See* 28 C.F.R. § 542.10, § 542.12. The program includes several levels, including two avenues of appeal. *See* 28 C.F.R. §§ 542.13-542.15.

In light of the nature of the claims, the Court finds that amendment would likely be futile. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, and pursuant to 28 U.S.C. § 1915A(b), the action will be dismissed for failure to state a claim upon which relief can be granted.

### IV. Conclusion

In accordance with the foregoing, the Court hereby orders that:

1. The petition is DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and the Court's inherent power.

2. The pending motions are DENIED.

3. The clerk shall enter a separate order of dismissal

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge